UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

****************************************

JOEL JEANNITE,

        Plaintiff

v.

CITY OF HAVERHILL, STEPHEN
BRIGHI, in his capacity as CHIEF OF THE
HAVERHILL POLICE DEPARTMENT,
STEPHEN DOHERTY, GEORGE DEKEON Jr.,
JOHN DOE, and JOHN ROE

        Defendants

****************************************

C.A. NO. 04-10541 RWZ

MAGISTRATE JUDGE _____

RECEIPT # 54603
AMOUNT $150
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. TOM
DATE 3/17/04

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is an action against officers of the Haverhill Police Department and the City of Haverhill for civil rights and other violations causing loss and damage to the plaintiff, Joel Jeannite, arising out of the unlawful detention, assault and battery, arrest, prosecution and harassment of the plaintiff without probable cause, in connection with an incident which occurred on July 30, 2001 involving Haverhill Police Officers George Dekeon Jr and Stephen Doherty.

Defendant officers violated the state and federal civil rights of the plaintiff by stopping and arresting the plaintiff without probable cause, by using force beyond that which was necessary to place the plaintiff under arrest, by maliciously prosecuting the plaintiff without probable cause, and by otherwise tortuously injuring the plaintiff.

The claim against the City of Haverhill and its Chief of Police arises from the failure to train, supervise and discipline adequately its officers, defendants Doherty, Dekeon and others, thereby giving them the message that they could misuse their authority as a police officers, and that such conduct would be tolerated or ignored.

## PARTIES

1. The Plaintiff, Joel Jeannite, at all times relevant hereto, was an individual with a usual residence in Groveland, Essex County, Massachusetts. The plaintiff is a citizen and resident of the United States and the Commonwealth of Massachusetts and entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

2. Defendant City of Haverhill is a municipality located in the County of Essex, Commonwealth of Massachusetts, and the employer of defendants Doherty and Dekeon.

3. Defendant Stephen Brighi, was at all times relevant hereto the duly appointed Chief of Police of the City of Haverhill Police Department acting under color of law, and is named in both his official capacity and his individual capacity.

4. Defendants George Dekeon and Stephen Doherty were at all times relevant hereto duly appointed and acting officers of the Haverhill Police Department and are named in both their individual and official capacities.

5. Defendants John Doe and John Roe are defendant officers of the Haverhill Police Department whose names and identities are presently unknown. They are sued in their individual and official capacities.

## STATEMENTS OF FACTS

6. On July 30, 2001 at approximately 4:30 p.m., when the plaintiff was sitting peacefully in his automobile in front of 11-13 Union Street in the City of Haverhill, two police cruisers parked in front of him and one remained in back of him, and the defendant officers emerged, stopping and detaining the plaintiff without cause.

-3-

7. At no time did defendant officers have any legitimate basis or probable cause to believe that Mr. Jeannite was committing a crime. Nor did the defendant officers have any other lawful basis to stop plaintiff Jeannite.

8. The defendant officers stopped and detained the plaintiff solely because the plaintiff was an African-American male or for some other reason that had no legitimate law enforcement purpose.

9. Upon the demand of the defendant officers, the plaintiff produced identification and stepped out of his car peaceful.

10. Plaintiff then told the officers he felt that their detaining him while refusing to provide any information as to why was racially motivated. They responded with profanity and verbal abuse.

11. When plaintiff Jeannite got out of his car, one of the defendant officers grabbed him, handcuffed him and threw him into the police cruiser. Three other officers then entered his car without permission and began to search the vehicle..

12. The defendant officers transported plaintiff handcuffed Jeannite to the Haverhill Police Station, where he was stripped of his shoes and thrown into a cold cell. He was held in the cell for several hours.

13. Plaintiff was arrested, jailed, booked and charged with disorderly conduct and refusing to produce a licence or licence information. These charges were brought without probable cause, with malice and with the intent on the part of the defendant officers to cover up their wrongful stop, harassment and detention of the plaintiff.

14. The defendant officers perpetrated the above described unlawful detention, arrest and harassment on the plaintiff Mr. Jeannite while in the scope of their employment as Haverhill police officers, under color of law, and by use of threats, force, and intimidation.

15. All the criminal charges against the plaintiff were dismissed, but only after the plaintiff was subjected to jeopardy and incurred substantial legal fees in order to obtain dismissal of the baseless criminal charges.

16. As a direct and proximate result of the defendants' actions and omissions, Mr. Jeannite has suffered economic damage, physical harm and extreme and lasting emotional distress and other personal injuries. Plaintiff has been forced to miss considerable time at school because of unnecessary court proceedings which interfered with his college education including interfering with plaintiff's participation in inter-collegiate athletics. Moreover, the ongoing harassment by the defendants has led Mr. Jeannite to incur significant continuing emotional distress and significant legal fees and other expenses.

## STATEMENT OF CLAIMS

### COUNT I

### VIOLATION OF CIVIL RIGHTS - VIOLATION OF 42 U.S.C. SECTION 1983 B · INDIVIDUAL DEFENDANTS

17. Plaintiff Jeannite repeats and realleges each of the preceding paragraphs.

18. Defendants Doherty, Dekeon, Doe and Roe, in performing the arrest and other conduct discussed herein, violated plaintiff's civil rights, including but not limited to the right against unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable cause, the right to security of the person, the right to equal protection under the law, the right to free speech and the right to seek redress by the Courts.

19. The defendants committed these acts under color of law.

20. As a direct and proximate result of the acts of defendants, Doherty, Dekeon, Doe and Roe, the plaintiff suffered pain and suffering, suffered monetary damages, including but not limited to legal fees incurred in defending improper criminal charges against him, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation and suffered other damages.

## COUNT II

## VIOLATION OF CIVIL RIGHTS UNDER MCRA

21. Plaintiff repeats and realleges each of the preceding paragraphs.

22. By assaulting, battering, detaining, and falsely imprisoning plaintiff, defendant Dekeon, Doherty, Doe and Roe employed by the City of Haverhill, violated the plaintiff's civil rights as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to the right to be free from unreasonable searches and seizures, the right to due process of the law, the right of free speech, the right to be free from unlawful arrest and prosecution without probable case, and the right to security of the person, causing damage for which the plaintiff is entitled to recover.

23. Defendants Dekeon, Doherty, Doe and Roe committed these acts while in the scope of their employment as Haverhill police officers through threats, coercion and intimidation.

24. Said conduct by the defendants constitute violation of civil rights by threats, intimidation or coercion.

25. As a direct and proximate result of these acts, the plaintiff was deprived of his liberty, was caused great emotional distress and monetary damages, was subject to great humiliation and suffered other damages.

26. As employer of the defendants, the defendant City of Haverhill is liable for their above acts.

## COUNT III

### FALSE IMPRISONMENT

27. Plaintiff repeats and realleges each of the preceding paragraphs.

28. Defendants Dekeon, Doherty, Doe and Roe falsely imprisoned the plaintiff.

29. As a direct and proximate result of the acts of the defendants, plaintiff was deprived of his liberty, suffered physical injury was caused great emotional distress, was subject to great humiliation and suffered other damages.

## COUNT IV

### ASSAULT AND BATTERY

30. Plaintiff repeats and realleges each of the preceding paragraphs.

31. Defendants assaulted and battered the plaintiff in Haverhill, Massachusetts on July 30, 2001.

32. As a direct and proximate result of the acts of the defendant, the plaintiff suffered physical injury, pain and suffering, great anxiety and strain, and was caused great emotional distress, was subjected to great humiliation and suffered other damages.

## COUNT V
### INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff repeats and realleges each of the preceding paragraphs.

34. The conduct of defendants Dekeon, Doherty, Doe and Roe as set forth above, was outrageous beyond all bounds of human decency and beyond that which a civilized society would tolerate, and the defendant knew or should have known that said conduct would inflict severe emotional distress upon the plaintiff.

35. Plaintiff in fact suffered mental and emotional distress which included severe physical manifestations of mental and emotional distress, as well as other damages, monetary and otherwise, as a result of the outrageous conduct of defendants Doherty and Dekeon.

## COUNT VI

### NEGLIGENCE

36. Plaintiff repeats and realleges each of the preceding paragraphs.

37. The individual defendants owed a duty to exercise reasonable care in detaining, questioning, arresting and prosecuting plaintiff Jeannite, which duty was breached by the individual defendants, proximately causing plaintiff Jeannite loss and damage.

38. As public employer of the individual defendants, the defendant City of Haverhill is liable for the negligence of its employees, defendants Dekeon, Doherty, Doe and Roe.

39. Demand was made upon appropriate chief executive officers of defendant City of Haverhill pursuant to G.L. c. 258, in January 6, 2002, which demand has not been met by a reasonable offer of settlement.

40. As a direct and proximate result of the acts of defendants Doherty, Dekeon, Doe and Roe, the plaintiff suffered pain and suffering, suffered monetary damages, including but not limited to legal fees incurred in defending improper criminal charges against him, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation and suffered other damages.

## COUNT VII

### MALICIOUS PROSECUTION

41. Plaintiff Jeannite repeats and realleges each of the preceding paragraphs.

42. Defendant Dekeon swore out a criminal complaint and sought prosecution of plaintiff Jeannite in the above referenced criminal action without probable cause and with malice.

43. Defendant Doherty also sought the issuance of process and the prosecution of plaintiff Jeannite without probable cause and with malice.

44. Said malicious prosecution, by defendants, caused plaintiff Jeannite severe damage, including but not limited to economic loss, including significant attorneys fees and lost time from work, personal shame, degradation, humiliation, loss of standing in the community and emotional distress.

## COUNT VIII

### ABUSE OF PROCESS

45. Plaintiff Jeannite repeats and realleges each of the preceding paragraphs.

46. By instituting the above prosecution, defendants Dekeon and Doherty employed legal process for a purpose for which it was not intended, to wit, to cover up the wrongful and outrageous attack on plaintiff Jeannite and discourage the plaintiff from seeking redress.

47. Said abuse of process caused plaintiff Jeannite severe damage, including but not limited to economic loss, including significant attorneys fees and lost time from school, personal shame, degradation, humiliation and emotional distress.

## COUNT IX

### NEGLIGENT SUPERVISION – MUNICIPAL DEFENDANTS

48. Plaintiff Jeannite repeats and realleges each of the preceding paragraphs.

49. The defendants City of Haverhill and its Chief of Police, defendant Stephen Brighi, owed a duty of reasonable care to the plaintiff and to all citizens who enter the limits of the municipality of Haverhill to properly and reasonably train and supervise its police officers. As a part of this duty, the defendant City of Haverhill and Chief Brighi have a duty to investigate City of Haverhill Police Officers accused of misconduct.

50. Said defendants breached their duty by failing to properly train and supervise Haverhill police officers, including defendants Dekeon, Doherty, Doe and Roe. Said failure specifically includes the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Haverhill Police Officers and the failure to supervise Haverhill Police Officers adequately or properly which failure delivered a message to the individual defendant police officers herein that there would be no departmental sanctions for engaging in misconduct.

51. Defendants' breach of duty proximately caused the plaintiff injury and damage.

52. Demand was made upon appropriate chief executive officers of defendant City of Haverhill pursuant to G.L. c. 258, in January 6, 2002, which demand has not been met by a reasonable offer of settlement.

53. As a direct and proximate result of these acts, the plaintiff was caused physical damages, great emotional distress, monetary damages and suffered other damages.

## COUNT X

## VIOLATION OF CIVIL RIGHTS – MUNICIPAL DEFENDANT

54. Plaintiff Jeannite repeats and realleges each of the preceding paragraphs.

55. The defendants City of Haverhill and Chief Brighi maintained a policy or custom of failing to reasonably train and supervise its police officers. Defendants City of Haverhill and its Chief of Police, defendant Brighi, also maintained a policy or custom of failing to adequately investigate City of Haverhill Police Officers accused of misconduct.

56. Said policies and customs evidenced a deliberate indifference on the part of the City and Chief Brighi to the Constitutional rights of Mr. Jeannite and to all persons present in the City of Haverhill. Said policies and customs specifically include the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and implement reasonable Internal Affairs Department procedures for the investigation and disciplining of Haverhill Police officers and the failure to supervise Haverhill Police officers adequately or properly. These failures delivered a message to the individual defendant Police officers herein that there would be no departmental sanctions for engaging in misconduct.

57. Defendants' official policy or custom proximately caused the plaintiff injury and damage.

WHEREFORE, the plaintiff requests that this court grant him judgment, jointly and severally against each of the defendants, in such amount as is reasonable and just, plus such costs, attorneys fees, punitive damages and interest as he is entitled by law.

**PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.**

Respectfully submitted,
Joel Jeannite,
by his counsel,

Date: 3-15-04

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

jeannite\complaint