UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 APR 28 A 11:54

C.A. NO. 04-CV-10541-RWZ

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

JOEL JEANNITE,

               Plaintiff

v.

CITY OF HAVERHILL, STEPHEN BRIGHI, in
His Capacity as CHIEF OF THE HAVERHILL
POLICE DEPARTMENT, STEPHEN DOHERTY,
GEORGE DEKEON, JR., JOHN DOE, and JOHN
ROE,

               Defendants

ANSWER OF DEFENDANTS
CITY OF HAVERHILL,
STEPHEN BRIGHI, STEPHEN
DOHERTY and GEORGE
DEKEON, JR.

---

## INTRODUCTION

To the extent the allegations set forth in the "Introduction" section of the Complaint

require a response, the same are denied.

## PARTIES

1.      The defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in the first sentence of Paragraph 1. The defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations

concerning plaintiff's residence and citizenship status set forth in the second sentence of said

paragraph. The remaining allegations set forth in said paragraph comprise contentions as to

matters of law not requiring a response by the defendants.

2.      Admitted.

3.      The defendants admit that at all relevant times, defendant Brighi served as

Haverhill police chief. The allegations to the effect that Brighi was "acting under color of law"

comprise contentions as to matters of law not requiring a response by the defendants.  The remaining allegations set forth in Paragraph 3 are denied.

4.    The defendants admit that defendants Dekeon and Doherty were, at all relevant times, employed as Haverhill police officers.  The remaining allegations set forth in Paragraph 4 are denied.

5.    Denied.

### STATEMENT OF FACTS

6.    Denied.

7.    Denied.

8.    Denied

9.    Denied.

10.    Denied.

11.    The defendants admit only that plaintiff was handcuffed.  The remaining allegations set forth in the first sentence of Paragraph 11 are denied.  The remaining allegations set forth in said paragraph are denied.

12.    The defendants admit only that plaintiff was transported to the Haverhill police station and requested to remove his shoes prior to placement in a cell, pursuant to policy.  The remaining allegations set forth in Paragraph 12 are denied.

13.    The allegations set forth in the first sentence of Paragraph 13 are admitted.  The remaining allegations set forth in said paragraph are denied.

14.    Denied.

15.    Denied.

16.    Denied.

2

STATEMENT OF CLAIMS

COUNT I
(Violation of Civil Rights – Violation of 42 U.S.C.,
Section 1983B[sic] – Individual Defendants)

17.     The defendants restate and incorporate by reference their responses to

Paragraphs 1-16.

18.     Denied.

19.     Denied.

20.     Denied.

COUNT II
(Violation of Civil Rights under MCRA)

21.     The defendants restate and incorporate by reference their responses to

Paragraphs 1-20.

22.     Denied.

23.      Denied.

24.     Denied.

25.     Denied.

26.     Denied.

COUNT III
(False Imprisonment)

27.     The defendants restate and incorporate by reference their responses to

Paragraphs 1-26.

28.     Denied.

29.     Denied.

## COUNT IV
(Assault and Battery)

30.    The defendants restate and incorporate by reference their responses to Paragraphs 1-29.

31.    Denied.

32.    Denied.

## COUNT V
(Infliction of Emotional Distress)

33.    The defendants restate and incorporate by reference their responses to Paragraphs 1-32.

34.    Denied.

35    Denied.

## COUNT VI
(Negligence)

36.    The defendants restate and incorporate by reference their responses to Paragraphs 1-35.

37.    Denied.

38.    Denied.

39.    The allegations set forth in Paragraph 39 comprise contentions as to matters of law not requiring a response by the defendants.  To the extent that a response is required, said allegations are denied.

40.    Denied.

## COUNT VII
(Malicious Prosecution)

41.    The defendants restate and incorporate by reference their responses to

Paragraphs 1-40.

42.    Denied.

43.    Denied.

44.    Denied.

## COUNT VIII
(Abuse of Process)

45.    The defendants restate and incorporate by reference their responses to

Paragraphs 1-44.

46.    Denied.

47.    Denied.

## COUNT IX
(Negligent Supervision – Municipal Defendants)

48.    The defendants restate and incorporate be reference their responses to

Paragraphs 1-47.

49.    The allegation set forth in Paragraph 49 comprise contentions as to matters of law

not requiring a response by the defendants.  To the extent a response is required, said allegations

are admitted.

50.    Denied.

51.    Denied.

52.    The allegations set forth in Paragraph 52 comprise contentions as to matters of

law not requiring a response by the defendants.  To the extent that a response is required, said

allegations are denied.

53.    Denied.

COUNT X
(Violation of Civil Rights – Municipal Defendant)

54.    The defendants restate and incorporate by reference their responses to

Paragraphs 1-53.

55.    Denied.

56.    Denied.

57.    Denied.

DEFENSES

FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

SECOND DEFENSE

Plaintiff's claims are barred by failure to comply with the applicable statute of

limitations.

THIRD DEFENSE

Defendants Doherty and Dekeon, at all times, possessed the requisite reasonable

suspicion and/or probable cause to act as alleged in the Complaint.

FOURTH DEFENSE

Plaintiff has failed to allege conduct comprising threats, intimidation and coercion, and

cannot therefore recover under the Massachusetts Civil Rights Act.

FIFTH DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted because he has failed

to allege that the defendants deprived him of any constitutional right.

### SIXTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the defendants were carrying out law enforcement functions in good faith.

### SEVENTH DEFENSE

Defendants deny all of plaintiff's allegations of wrongful conduct and state that they were at all relevant times a public employer or public employees acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

### EIGHTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from suit and liability.

### NINTH DEFENSE

The actions and conduct of the individual defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

### TENTH DEFENSE

The defendants state that the plaintiff is barred from recovery as he was committing violations of the General Laws of the Commonwealth of Massachusetts.

### ELEVENTH DEFENSE

Any touching of the person of the plaintiff, to the extent the same occurred as alleged in the Complaint, was privileged.

## TWELFTH DEFENSE

To the extent defendants used any force as alleged in the Complaint, such force was the minimum amount reasonably necessary to effect a lawful arrest.

## THIRTEENTH DEFENSE

The alleged acts or omissions of the defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

## FOURTEENTH DEFENSE

Defendants deny any intentional, unjustified confinement of the plaintiff.

## FIFTEENTH DEFENSE

Defendants deny the institution of criminal process against the plaintiff with malice and without probable cause for an improper ulterior purpose.

## SIXTEENTH DEFENSE

The Complaint should be dismissed for failure to present the claim and to give notice in accordance with G.L. c. 258, § 4.

## SEVENTEETH DEFENSE

The City is immune from liability pursuant to G.L.c. 258, § 10.

## EIGHTEENTH DEFENSE

The plaintiff is precluded from any recovery as the negligence of the plaintiff was greater than the alleged negligence of the defendants and the plaintiff cannot recover pursuant to G.L. c. 231, §85.

### NINETEENTH DEFENSE

If the defendants were negligent, which is denied, and the negligence of the defendants exceeded the negligence of the plaintiff, which is denied, then the damages assessable against the defendants should be reduced by the percentage of negligence attributable to plaintiff.

### TWENTIETH DEFENSE

Plaintiff's negligence claims against the individual defendants are barred pursuant to G.L.c. 258, § 2.

### TWENTY-FIRST DEFENSE

Any injury or damage suffered by the plaintiff, to the extent actually incurred, were caused by reason of plaintiff's own wrongful acts, reckless misconduct or negligence.

### TWENTY-SECOND DEFENSE

The Complaint fails to state a claim for which punitive damages are available.

### TWENTY-THIRD DEFENSE

The Complaint fails to state a claim for violation of plaintiff's First Amendment rights.

### TWENTY-FOURTH DEFENSE

Plaintiff's equal protection claim should be dismissed for failure to identify others similarly situated to the plaintiff who received different treatment by the defendants.

### TWENTY-FIFTH DEFENSE

Plaintiff's equal protection claim should be dismissed for failure to plead the requisite arbitrary and capricious action unrelated to legitimate law enforcement purposes.

### TWENTY-SIXTH DEFENSE

The Complaint fails to state a cause of action for which relief can be granted against City of Haverhill in that it states no personal involvement, specific regulation or official policy or knowledge by said defendant of the alleged wrongdoing or of any pattern of wrongful behavior.

### TWENTY-SEVENTH DEFENSE

The Complaint fails to state a claim for supervisory liability in that it states no personal involvement  or knowledge of foreseeable future misconduct on the part of subordinate officers.

### TWENTY-EIGHTH DEFENSE

The Complaint fails to state a claim for a due process violation.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by the existence of an adequate state law remedy.

### THIRTIETH DEFENSE

The defendants deny the existence of conduct on their part which is extreme, outrageous and intolerable in a civilized society.

### THIRTY-FIRST DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.