UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

*********************************************

JOEL JEANNITE,                          *       2005 MAR 30  P 12: 54
                                        *
                    Plaintiff           *       U.S. DISTRICT COURT
v.                                      *       DISTRICT OF MASS
                                        *
CITY OF HAVERHILL, STEPHEN              *       C.A. NO. 04-10541-RWZ
BRIGHI, in his capacity as CHIEF OF THE *
HAVERHILL POLICE DEPARTMENT,            *
STEPHEN DOHERTY, GEORGE  DEKEON Jr.,    *
JOHN DOE, and JOHN ROE                  *
                                        *
                    Defendants          *

*********************************************

## MOTION TO SUBSTITUTE TRUE NAME OF DEFENDANT JOHN DOE

Now comes the plaintiff and moves this Honorable Court allow him to substitute the

true names of defendants named in the complaint as unknown John Doe, with his true name,

that name being Glenn Fogarty.

As reason, plaintiff states that he did not learn the true name of this defendant until

discovery, specifically the deposition of defendant Stephen Doherty on February 22, 2005.

Plaintiff did not learn the true name of this defendant except from the defendants through

discovery.

There is no prejudice either to defendant Fogarty or any of the other defendants in

substituting the true name of defendant Fogarty, who was identified, albeit not by their true

names, in the original complaint: defendant Fogarty has notice of this case and the defense

that has been offered so far is no different than it would have been, had this defendant

originally been named by his true name rather than by the identifying information in the

complaint.

All the defendants have been represented by the same counsel, who has known the true name of defendant Fogarty all along.  The defendants have presented a full defense as to all the police officers involved with the detention and arrest of the plaintiff.

Any prejudice that may result is not to the defendants, who all have been named from the outset and all of whom have had knowledge of the complaint and the plaintiff's claims. Rather, any prejudice will accrue to the plaintiff, given the defense that his wrongful arrest was not by any of "named" defendants, but by the other "unnamed or unidentified" defendants.

Indeed, this "other" defendant was neither unnamed nor unidentified in the initial complaint (or in the plaintiff notice pursuant to M.G.L., c. 258.  He was named and identified as John Doe.  With his true name now known to the plaintiff to be Glenn Fogarty, plaintiff seeks not to amend the complaint by adding any new defendants, but to substitute the true names of defendants already named, sued and identified as police officer John Doe.

Respectfully submitted,
Joel Jeannite,
by his counsel,

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

Date: _3/29/05_

## CERTIFICATE OF SERVICE

I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to Jackie A. Cowin, Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116.

Date: _3/29/05_

Andrew M. Fischer

jeannite\mtnsubname