UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10541-RWZ

| | |
|---|---|
| JOEL JEANNITE,<br><br>     Plaintiff<br>v.<br><br>CITY OF HAVERHILL, STEPHEN BRIGHI, in His Capacity as CHIEF OF THE HAVERHILL POLICE DEPARTMENT, STEPHEN DOHERTY, GEORGE DEKEON, JR., JOHN DOE, and JOHN ROE,<br><br>     Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SPEEDY TRIAL |

Now come the defendants, and hereby oppose plaintiff's Motion For Speedy Trial. As grounds therefor, the defendants rely on the within Memorandum of Reasons.

MEMORANDUM OF REASONS

In this case, plaintiff asserts, inter alia, constitutional and state tort law claims arising from his arrest by members of the Haverhill Police Department. Plaintiff now seeks to advance the date of any potential trial in this matter to "June or July 2005."

Plaintiff's request should be denied on several grounds. First, plaintiff's request works an unfair prejudice on the defendants, because it deprives them of an adequate opportunity to prepare, and be heard on, a Motion for Summary Judgment. Defendants have valid grounds for seeking summary judgment, including but not limited to the fact that plaintiff was convicted of one of the charges for which he was arrested (thus precluding plaintiff's false arrest and malicious prosecution claims). A status conference/pre-trial conference in this matter is scheduled for May 25, 2005, at which time defendants intend to request leave to file a Rule 56 Motion (the Scheduling Order set by the Court does not provide for the filing of such motions).

Should the defendants be granted such leave, they could not adequately prepare, and be heard on, their motion if this case were to go to trial one to two months later.

This is particularly true where plaintiff has also filed, contemporaneously with the instant motion, a motion to extend discovery to allow him to conduct three additional depositions. An extension of discovery, at this late date, would virtually eliminate any opportunity for defendants to file and be heard on a Motion for Summary Judgment if a trial is scheduled for June or July.

Plaintiff's request to advance the trial date is further inappropriate because plaintiff has not complied with a request by defendants, first made on February 18, 2005, to sign a release so that defendants may obtain plaintiff's medical records. Said medical records are necessary to confirm or refute plaintiff's claim of damages resulting from his arrest and prosecution; however plaintiff has failed to provide the release despite two requests for same.

Finally, plaintiff has not shown why a speedy trial is warranted. Plaintiff asserts only that he is scheduled to enter the Navy on August 3, 2005, and "may not be able to guarantee his availability for trial after August 3." Motion for Speedy Trial, ¶2. As a preliminary matter, plaintiff does not show why his service in the Navy will prevent him from attending a trial that will likely last two to three days. Further, if plaintiff's naval service were in fact to preclude him from attending a trial in this matter, his deposition testimony could be offered into evidence in his absence, pursuant to Fed.R.Civ.P. 32(3)(B).

More significantly, plaintiff sets forth no reason why he should be afforded the special consideration of a speedy trial. Compare Local Rule 40.3 (requiring that motions for continuance of trial date be granted "only for good cause"). The state Legislature has designated certain classes of persons entitled to a speedy trial. See, e.g, G.L. c.231, §59C (medical malpractice plaintiffs); G.L. c.231, §59E (persons 65 or over); G.L. c. 90 §34M (plaintiffs

seeking statutory personal injury payments). Plaintiff does not belong to any such group; nor does he set forth any reason why his case should go to trial ahead of plaintiffs whose cases have been pending for a longer time, other than the fact that the court's schedule does not suit his own. It is plaintiff's obligation to be available when his case is called to trial, and his request that the Court depart from its usual scheduling practice in order to accommodate his personal schedule is inappropriate.

    WHEREFORE, for the foregoing reasons, the defendants request that this Court deny plaintiffs' Motion for Speedy Trial.

DEFENDANTS,

By their attorneys,

/s/Jackie Cowin
Joseph L. Tehan, Jr. (BBO # 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
617-556-0007

250867/METG/0549