UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JOEL JEANNITE, | \* |
| | \* |
| Plaintiff | \* |
| v. | \* |
| | \* |
| CITY OF HAVERHILL, STEPHEN BRIGHI, in his capacity as CHIEF OF THE HAVERHILL POLICE DEPARTMENT, STEPHEN DOHERTY, GEORGE DEKEON Jr., JOHN DOE, and JOHN ROE | \* C.A. NO. 04-10541-RWZ <br> \* <br> \* <br> \* <br> \* |
| | \* |
| Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO COMPEL DEPOSITION OF MURAT ERKAN

Now comes the plaintiff and moves that the court issue an order compelling the deposition of Murat Erkan.

As reason, plaintiff states that Murat Erkan is an essential witness to this case; that he was duly subpoenaed to appear at deposition on April 4, 2005, but that he failed to appear on that date, indicating to counsel that his employer, the Essex County District Attorney's Office, intended to move to quash the deposition subpoena, but has not yet done so. This may be because there is no reasonable basis in fact or law to quash the deposition subpoena.

### ARGUMENT

This case, brought pursuant to 42 USC §1983, alleges civil rights violations, arising from the arrest of the plaintiff on July 30, 2001. The plaintiff was charged with disorderly conduct but was found not guilty upon a jury verdict entered June 14, 2002. All criminal prosecution of the plaintiff terminated on that date.

Among the civil rights violations alleged is that the defendants offered to drop the criminal charges against the plaintiff in return for his waiving any civil rights claims. This allegation has been supported by Marsha Kazarosian, the attorney who represented the plaintiff in the state criminal proceedings. Mr. Erkan, as the assistant district attorney who prosecuted the case, would have knowledge of these negotiations and may also have relevant knowledge based upon his conversations with the defendants who were witnesses against the plaintiff in the criminal trial.

Mr. Erkan's deposition was duly noticed [see Exhibit A, hereto] and he was properly subpoenaed [see Exhibit B, hereto], yet failed to appear for deposition, communicating to plaintiff's counsel that he expected his employer, the Essex County District Attorney's Office, intended to move to quash the deposition subpoena. Several days after Mr. Erkan failed to appear for deposition, on April 4, 2005, plaintiff's counsel did speak with David O'Sullivan of the Essex County District Attorney's office and with Katherine Neaves of the Attorney General's office, who indicated an intention to file a motion to quash the deposition subpoena.

No such motion has been filed.

Communications between the defendants and Mr. Erkan, individually or in his capacity as assistant district attorney, are not subject to any privilege. Application of the investigatory exemption does not apply, as the standard for applying this exemption to the public records law is "whether the agency resisting disclosure has demonstrated that their release 'would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.' " <u>Globe Newspaper Co. v. Police Com'r of Boston</u>, 419 Mass. 852, 648 N.E.2d 419 (Mass.,1995)

That cannot be the case here because there is no longer any criminal prosecution, nor is there any other law enforcement reason for asserting any privilege as to ADA Erkan's knowledge or conversations regarding a criminal prosecution that was of little public significance, however serious the consequences may have been to the plaintiff.

"Under the public records law, there exists 'a presumption that the record sought is public,'" *Globe Newspaper Co. v. Police Com'r of Boston*, citing M.G.L. c. 66, § 10(c) "The public has an interest in knowing whether public servants are carrying out their duties in an efficient and law-abiding manner." *Globe Newspaper Co. v. Police Com'r of Boston*, citing *Attorney Gen. v. Collector of Lynn*, supra, 377 Mass. at 158, 385 N.E.2d 505.

## CONCLUSION

The deponent, Mr. Erkan, has asserted no reason for failing to appear for deposition. Moreover, as noted above, the deponent may have material and relevant testimony and has no reasonable basis to refuse to provide that information. Accordingly, this Court should issue an order compelling the deponent Murat Erkan to appear for deposition in a timely manner.

Respectfully submitted,
Joel Jeannite,
by his counsel,

Date: 5/16/05

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

### CERTIFICATE OF SERVICE

I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to Jackie A. Cowin, Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116, Murat Erkan, ADA, 2 E. India Square, Salem, mA 01970; and to Cathryn A. Neaves, AAG, One Ashburton Place, Boston, MA 02108.

Date 5/16/05

Andrew M. Fischer

jeannite\mtncompdep