UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOEL JEANNITE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF HAVERHILL, STEPHEN )<br>BRIGHI, in his capacity as CHIEF OF THE )<br>HAVERHILL POLICE DEPARTMENT, )<br>STEPHEN DOHERTY, GEORGE )<br>DEKEON Jr., JOHN DOE, and JOHN ROE )<br>)<br>Defendants. )<br>) | Civil Action No. 04-10541-RWZ |

**MOTION FOR A PROTECTIVE ORDER IN CONNECTION
WITH THE DEPOSITION OF MURAT ERKAN**

**Introduction**

Assistant District Attorney Murat Erkan ("ADA Erkan") and the Office of the District Attorney of Essex County (hereinafter, collectively, "the District Attorney's Office"), through counsel, hereby appear and request that this Court issue a protective order preventing questioning into certain privileged subject areas in ADA Erkan's deposition in the above-referenced case. As grounds for this motion, and as is set forth more fully herein, the District Attorney's Office does not object to plaintiff's counsel questioning ADA Erkan about non-privileged matters. However, the District Attorney's Office believes that information about ADA Erkan's deliberative processes, attorney work product, and information about confidential police investigative techniques and sources are privileged and should not be the subject of inquiry. Accordingly, the District Attorney's Office respectfully requests that this Court issue a protective order preventing questioning at the deposition in areas concerning (a) the deliberative

process of ADA Erkan and/or the District Attorney's Office, (b) attorney work product and (c) the confidential investigative techniques or sources of the Haverhill Police Department.

### Background

The plaintiff in the above-referenced case initially served a subpoena requiring ADA Erkan's testimony at a deposition on April 4, 2005. Several days before the April 4th deposition date, the District Attorney's Office was notified that the deposition had been postponed because counsel for the defendants was not available on April 4th.

Soon thereafter, Cathryn Neaves, Esq., of the Office of the Attorney General (hereinafter, "AAG Neaves"), contacted counsel for the plaintiff. AAG Neaves informed plaintiff's counsel that she understood that the deposition had been postponed; that the Office of the Attorney General ("OAG") would be representing ADA Erkan in connection with the proposed deposition; and that there was concern that the deposition of ADA Erkan might intrude into areas protected by various privileges. AAG Neaves indicated that one of the attorneys on her staff would be assigned to the case and would contact plaintiff's counsel. Plaintiff's counsel in turn indicated that he would inform the OAG when the deposition was being rescheduled.

Nothing further transpired between plaintiff's counsel and the OAG until May17th, on which date the OAG received the plaintiff's Motion to Compel the Deposition of Murat Erkan. (The motion was filed in this Court on that same date.) Counsel for ADA Erkan did not know that the motion was being filed and had not been contacted by counsel for the plaintiff for a conference pursuant to Local Rule 7.1. Pursuant to Local Rule 7.1(B)(2), any opposition to the plaintiff's motion was due to be filed on or before May 31, 2005.

On May 25, 2005, this Court held a conference in the above-referenced case. The OAG

did not have notice of this conference. At the conference, the motion to compel was allowed. The District Attorney's Office now moves for a protective order.[1]

### Argument

Rule 26(c) provides that a person from whom discovery has been sought may seek an order from the court "to protect the . . . person from annoyance . . . , oppression, or expense, including one or more of the following: (1) that the . . . discovery not be had; . . . (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the disclosure be limited to certain matters . . . ."

In this case, it is difficult to know which areas of inquiry the deposition will address because the plaintiff has not specified the reasons he believes ADA Erkan's testimony is necessary to this lawsuit.[2] However, because deposition questioning of an assistant district attorney about the prosecution of a criminal case is likely to intrude into areas of privilege, the District Attorney's Office seeks a protective order limiting questioning into the areas set forth

---

[1] There appear to be good grounds for this Court to reconsider its order on the motion to compel, including the facts that the District Attorney's Office did not have fourteen days to respond to the motion; the District Attorney's Office did not receive notice that the issue would be brought up at the pre-trial conference (and, indeed, did not have notice of the conference itself); and there was no pre-motion conference, as is required by Local Rule 7.1. However, in the interest of resolving this matter, the District Attorney's Office has agreed to produce ADA Erkan for deposition.

[2] The plaintiff asserted, in his motion to compel, that the deposition of ADA Erkan is necessary because "[a]mong the civil rights violations alleged is that the defendants offered to drop the criminal charges against the plaintiff in return for his waiving any civil rights claims." Plaintiff's Motion to Compel, p. 2. Plaintiff's counsel has also indicated, in a telephone conference, that he believes the deposition will cover subjects such as what the police officers told ADA Erkan about the plaintiff's conduct and arrest in connection with the underlying criminal case and what was said at any plea conference(s) which took place.

below.

    *A.*    *Deliberative Process Privilege*

The issue regarding the deliberative process privilege which are likely to arise in this case are set forth with clarity in the case of *Gomez v. City of Nashua*, 126 F.R.D. 432, 433 (D.N.H. 1989), in which the court quashed the deposition of an Assistant State's Attorney that sought to inquire into the prosecutor's investigation of an alleged beating of the plaintiff by police officers that was the subject of a Section 1983 lawsuit. As the court explained, "federal courts have long recognized a policy against exploratory inquiries into the mental processes of governmental decision makers." *Id*. at 434. The rationale for the privilege is to protect the quality of those decisions, and also reflects a recognition of the burden such discovery places on governmental officials: "A failure to place reasonable limits upon private litigants' access to responsible governmental officials as sources or routine pretrial discovery would result in a severe disruption of the government's primary function." *Id.* (internal quotations marks and citations omitted).

Prosecutorial decisions are a kind of deliberative process that should "be afforded a high degree of protection from public inquiry." *Id.* at 435. Even factual information is covered by the privilege if it is "inextricably intertwined" with the deliberative process "or if the manner of selecting or presenting the facts would reveal the deliberative process." *Id.* The privilege can be overcome only where the proponent of the discovery request makes a threshold showing of need "amounting to more than mere speculation." *Id.* at 434 (internal quotation marks and citations omitted).

    *B.*    *Attorney Work Product*

The District Attorney's Office further requests a protective order limiting the questions at deposition from intruding on the area of attorney work product.  The protections accorded to attorney work product are well-established.  *See* Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 39 U.S. 495 (1947).  Before gaining access to such carefully-protected material, a party seeking discovery must establish both substantial need for the materials and undue hardship if he is not provided with the materials. *Id.*   Here, the plaintiff has made no such showing.  Moreover, the plaintiff is not entitled to discover the "mental impressions, conclusions, opinions, or legal theories" of ADA Erkan or the District Attorney's Office unless he makes a stronger showing of need than is required for access to ordinary work product. *See In re San Juan Dupont Hotel Plaza Litig.*, 859 F.2d 1007, 1014-15 (1st Cir. 1988)(discussing difference between "ordinary" and "opinion" work product and higher level of protection afforded to the latter); *In re Grand Jury Subpoena (Legal Svcs. Center)*, 615 F.Supp. 958, 962-63 (D.Mass. 1985)(at a minimum, requesting party must make a "far stronger showing of necessity and unavailability by other means" than is required for ordinary -- *i.e.*, fact -- work product)(quoting *Upjohn Co. v. United States*, 449 U.S. 383, 401-02 (1981)).

  C. *Investigative Privilege*

The District Attorney's Office also seeks a protective order to the extent that the deposition questioning may seek to elicit knowledge ADA Erkan has gained about confidential police investigative techniques, procedures, or sources of information during the prosecution of the criminal matter underlying this case.  (Obviously, the District Attorney's Office does not seek to protect information of the sort which is required to be released to defense counsel under the  rules of criminal procedure.)   The public interest in maintaining the confidentiality of law

enforcement techniques and sources is well established. *See United States v. Cintolo*, 818 F.2d 980, 1002 (1st Cir.), *cert. denied*, 484 U.S. 913 (1987); *Association for Reduction of Violence v. Hall*, 734 F.2d 63, 65-66 (1st Cir. 1984); *Black v. Sheraton Corp. of America*, 564 F.2d 531, 545-46 (D.C. Cir. 1977)(and cases cited therein). This privilege is properly applied in this case where Massachusetts recognized a virtually identical privilege. *See In re Hampers,* 651 F.2d 19, 22 (1st Cir. 1981); *N.O. v. Callahan*, 110 F.R.D. 637, 642-43 (D.Mass. 1986); Massachusetts General Laws ch. 4, § 7, cl. Twenty-Sixth, Exemption (f). *See also WBZ-TV4 v. District Attorney for the Suffolk District,* 408 Mass. 595, 603, 562 N.E.2d 817 (1990); *Bougas v. Chief of Police of Lexington*, 371 Mass. 59, 62-63, 354 N.E.2d 872 (1976). Massachusetts law, specifically G.L. 4, § 7, cl. 26, exemption (f) recognized that the disclosure of certain investigatory materials "could so detract from effective law enforcement to such a degree as to operate in derogation, and not in support of, the public interest." *Bougas*, 371 Mass. at 61-62. The exemption is intended, *inter alia,* to prevent disclosure of confidential investigative techniques, procedures or sources of information and to encourage private citizens to "come forward and speak freely concerning matters under investigation." *Id.* at 62. This privilege applies equally to concluded investigations as it does to ongoing investigations. *See Black,* 564 F.2d at 546; *Bougas*, 371 Mass. at 63.

## **Conclusion**

For the foregoing reasons, the District Attorney's Office respectfully requests that the Court enter an order pursuant to Rule 26(c)(4) limiting the scope of the deposition to matters that (1) do not consist of, reveal, and are not inextricably intertwined with the deliberative processes that resulted in any prosecutorial decisions; (2) do not consist of or reveal attorney work product;

and (3) do not reveal investigative techniques or methods.

                                              Respectfully submitted,

                                              MURAT ERKAN,

                                              By his attorney,

                                              THOMAS F. REILLY
                                              ATTORNEY GENERAL

                                              /s/ Maura D. McLaughlin
                                              Maura D. McLaughlin (BBO # 634923)
                                              Assistant Attorney General
                                              Criminal Bureau
                                              One Ashburton Place, 18th Floor
                                              Boston, Massachusetts 02108
                                              (617) 727-2200 ext. 2857

Dated: June 1, 2005

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

     I hereby certify that on May 26, 2005, I conferred via telephone with Andrew Fischer, Esq., counsel for the plaintiff, in a good-faith effort to resolve and/or limit the issues raised by this motion, pursuant to Local Rule 7.1 of the Local Rules for the District of Massachusetts.

                                              /s/ Maura D. McLaughlin
                                              Maura D. McLaughlin