UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10541-RWZ

JOEL JEANNITE,

              Plaintiff

v.

CITY OF HAVERHILL, STEPHEN BRIGHI, in His Capacity as CHIEF OF THE HAVERHILL POLICE DEPARTMENT, STEPHEN DOHERTY, GEORGE DEKEON, JR., JOHN DOE, and JOHN ROE,

              Defendants

ANSWER OF DEFENDANT
GLENN FOGARTY

## INTRODUCTION

To the extent the allegations set forth in the "Introduction" section of the Complaint require a response, the same are denied.

## PARTIES

1.      The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residence and citizenship status set forth in the second sentence of said paragraph. The remaining allegations set forth in said paragraph comprise contentions as to matters of law not requiring a response by the defendant.

2.      Admitted.

3.      The defendant admits that at all relevant times, defendant Brighi served as Haverhill police chief. The allegations to the effect that Brighi was "acting under color of law"

comprise contentions as to matters of law not requiring a response by the defendants. The remaining allegations set forth in Paragraph 3 are denied.

    4.    The defendant admits that defendants Dekeon and Doherty were, at all relevant times, employed as Haverhill police officers. The remaining allegations set forth in Paragraph 4 are denied.

    5.    Denied.

## STATEMENT OF FACTS

    6.    Denied.

    7.    Denied.

    8.    Denied

    9.    Denied.

    10.    Denied.

    11.    The defendant admits only that plaintiff was handcuffed. The remaining allegations set forth in the first sentence of Paragraph 11 are denied. The remaining allegations set forth in said paragraph are denied.

    12.    The defendant admits only that plaintiff was transported to the Haverhill police station and requested to remove his shoes prior to placement in a cell, pursuant to policy. The remaining allegations set forth in Paragraph 12 are denied.

    13.    The allegations set forth in the first sentence of Paragraph 13 are admitted. The remaining allegations set forth in said paragraph are denied.

    14.    Denied.

    15.    Denied.

    16.    Denied.

## STATEMENT OF CLAIMS

### COUNT I
(Violation of Civil Rights – Violation of 42 U.S.C.,
Section 1983B[sic] – Individual Defendants)

17. The defendant restates and incorporates by reference his responses to Paragraphs 1-16.

18. Denied.

19. Denied.

20. Denied.

### COUNT II
(Violation of Civil Rights under MCRA)

21. The defendant restates and incorporates by reference his responses to Paragraphs 1-20.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

### COUNT III
(False Imprisonment)

27. The defendant restates and incorporates by reference his responses to Paragraphs 1-26.

28. Denied.

29. Denied.

## COUNT IV
### (Assault and Battery)

30. The defendant restates and incorporates by reference his responses to Paragraphs 1-29.

31. Denied.

32. Denied.

## COUNT V
### (Infliction of Emotional Distress)

33. The defendant restates and incorporates by reference his responses to Paragraphs 1-32.

34. Denied.

35 Denied.

## COUNT VI
### (Negligence)

36. The defendant restates and incorporates by reference his responses to Paragraphs 1-35.

37. Denied.

38. Denied.

39. The allegations set forth in Paragraph 39 comprise contentions as to matters of law not requiring a response by the defendant. To the extent that a response is required, said allegations are denied.

40. Denied.

## COUNT VII
### (Malicious Prosecution)

41. The defendant restates and incorporates by reference his responses to Paragraphs 1-40.

42. Denied.

43. Denied.

44. Denied.

## COUNT VIII
### (Abuse of Process)

45. The defendant restates and incorporates by reference his responses to Paragraphs 1-44.

46. Denied.

47. Denied.

## COUNT IX
### (Negligent Supervision – Municipal Defendants)

48. The defendant restates and incorporates by reference his responses to Paragraphs 1-47.

49. The allegation set forth in Paragraph 49 comprise contentions as to matters of law not requiring a response by the defendant. To the extent a response is required, said allegations are admitted.

50. Denied.

51. Denied.

52. The allegations set forth in Paragraph 52 comprise contentions as to matters of law not requiring a response by the defendant. To the extent that a response is required, said allegations are denied.

5

53. Denied.

## COUNT X
(Violation of Civil Rights – Municipal Defendant)

54. The defendant restates and incorporates by reference his responses to Paragraphs 1-53.

55. Denied.

56. Denied.

57. Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by failure to comply with the applicable statute of limitations.

### THIRD DEFENSE

Defendant, at all times, possessed the requisite reasonable suspicion and/or probable cause to act as alleged in the Complaint.

### FOURTH DEFENSE

Plaintiff has failed to allege conduct comprising threats, intimidation and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

### FIFTH DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted because he has failed to allege that the defendants deprived him of any constitutional right.

## SIXTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the defendant was carrying out law enforcement functions in good faith.

## SEVENTH DEFENSE

Defendant denies all of plaintiff's allegations of wrongful conduct and state that he was at all relevant times a public employee acting within the scope of his employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that his actions were lawful.

## EIGHTH DEFENSE

The actions and conduct of the defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys qualified immunity from suit and liability.

## NINTH DEFENSE

The actions and conduct of the defendant did not violate any clearly established constitutional or statutory rights of which he reasonably should have been aware, and he is therefore entitled to qualified immunity.

## TENTH DEFENSE

The defendant states that the plaintiff is barred from recovery as he was committing violations of the General Laws of the Commonwealth of Massachusetts.

## ELEVENTH DEFENSE

Any touching of the person of the plaintiff, to the extent the same occurred as alleged in the Complaint, was privileged.

## TWELFTH DEFENSE

To the extent defendant used any force as alleged in the Complaint, such force was the minimum amount reasonably necessary to effect a lawful arrest.

## THIRTEENTH DEFENSE

The alleged acts or omissions of the defendant were not the cause, proximate or otherwise, of the alleged injury or damage.

## FOURTEENTH DEFENSE

Defendant denies any intentional, unjustified confinement of the plaintiff.

## FIFTEENTH DEFENSE

Defendant denies the institution of criminal process against the plaintiff with malice and without probable cause for an improper ulterior purpose.

## SIXTEENTH DEFENSE

The Complaint should be dismissed for failure to present the claim and to give notice in accordance with G.L. c. 258, § 4.

## SEVENTEETH DEFENSE

The defendant is immune from liability pursuant to G.L.c. 258, § 2.

## EIGHTEENTH DEFENSE

Any injury or damage suffered by the plaintiff, to the extent actually incurred, were caused by reason of plaintiff's own wrongful acts, reckless misconduct or negligence.

## NINETEENTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available.

## TWENTIETH DEFENSE

The Complaint fails to state a claim for violation of plaintiff's First Amendment rights.

## TWENTY-FIRST DEFENSE

Plaintiff's equal protection claim should be dismissed for failure to identify others similarly situated to the plaintiff who received different treatment by the defendants.

## TWENTY-SECOND DEFENSE

Plaintiff's equal protection claim should be dismissed for failure to plead the requisite arbitrary and capricious action unrelated to legitimate law enforcement purposes.

## TWENTY-THIRD DEFENSE

The Complaint fails to state a claim for a due process violation.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the existence of an adequate state law remedy.

## TWENTY-FIFTH DEFENSE

The defendant denies the existence of conduct on his part which is extreme, outrageous and intolerable in a civilized society.

## TWENTY-SIXTH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendant to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

>DEFENDANT GLENN FOGARTY,
>
>By his attorney,
>
>/s/ Joseph L. Tehan, Jr.
>Joseph L. Tehan, Jr. (BBO # 494020)
>Kopelman and Paige, P.C.
>31 St. James Avenue
>Boston, MA  02116
>(617) 556-0007

218206v. 2/METG/0549