Case 1:04-cv-10541-RWZ   Document 32   Filed 09/09/2005   Page 2 of 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*******************************************

| | |
|---|---|
| JOEL JEANNITE, | * |
| | * |
| Plaintiff | * |
| v. | * |
| | * |
| CITY OF HAVERHILL, STEPHEN | *   C.A. NO. 04-10541-RWZ |
| BRIGHI, in his capacity as CHIEF OF THE | * |
| HAVERHILL POLICE DEPARTMENT, | * |
| STEPHEN DOHERTY, GEORGE DEKEON Jr., | * |
| JOHN DOE, and JOHN ROE | * |
| | * |
| Defendants | * |

*******************************************

## MOTION TO ALLOW ADDITIONAL DEPOSITION

Now comes the plaintiff and moves that this court allow an additional deposition, tl deposition of Assistant District Attorney John DePaulo.

As reason, plaintiff states that this is a civil rights case in which one of the claims is  it the defendant police officers attempted to bargain dismissal of criminal charges in exchang  )r the plaintiff waiving his civil rights claims against the individual officers, the Haverhill Po Department and the City of Haverhill. For this reason, plaintiff noticed and was permitted depose Murat Erkan, the district attorney who tried the underlying criminal case against the plaintiff.

At the deposition of ADA Erkan on July 29, 2005, Mr. Erkan was asked about a no  on across the prosecution copy of the complaint that said "Do not dismiss", indicating a direc not to negotiate a dismissal of the claim as a pretrial disposition in a plea bargain. ADA E  1 indicated that the words were not his writing, but said that he recognized it to be the writin  f the supervising ADA in the Haverhill District Court, John M. DePaulo. ADA Erkan furth testified that he does not know why ADA DePaulo wrote the words "Do not dismiss."

ADA Erkan further testified that he understood that plaintiff Jeannite intended to pr[esent] civil rights claims or civil claims against the arresting police officers and that the basis of t[his] understanding was information provided him from ADA DePaulo. ADA Erkan further tes[tifie]d that Mr. DePaulo "may have" indicated his reasons for thinking the plaintiff intended to su[e] [th]e arresting police officers, but Mr. Erkan could not recall what those reasons were.

Plaintiff states that he was unaware of Attorney DePaulo's specific involvement in [th]e discussions until ADA Erkan's deposition, as he understood that the case had been assigne[d] ADA Erkan. Discussions regarding a decision not to dismiss the case go directly to the clai[m] of the wrongful offer to exchange criminal jeopardy in return for waiving legitimate civil righ[ts] claims.

Finally, the plaintiff states that any deposition of ADA DePaulo would be brief, lik[ely] no more than an hour and certainly no more than two hours and plaintiff is fully aware of the [clai]ms of privilege asserted by the Attorney General's office on behalf of the District Attorney's [offic]e and will honor these claims as he has in the deposition of ADA Erkan.

Respectfully submitted,<br>
Joel Jeannite,<br>
by his counsel,

Date: 9/06/05

Andrew M. Fischer<br>
BBO# 167040<br>
JASON & FISCHER<br>
47 Winter Street<br>
Boston, MA 02108<br>
(617) 423-7904

### CERTIFICATE OF SERVICE

I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to Jackie A. Cowin, Kopelman and Paige, P.C., 31 James Avenue, Boston, MA 02116.

Date: 9/6/05

Andrew M. Fischer

jeannite\mtnallowdep