UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10541-RWZ

JOEL JEANNITE,

    Plaintiff

v.

CITY OF HAVERHILL, STEPHEN BRIGHI, in His Capacity as CHIEF OF THE HAVERHILL POLICE DEPARTMENT, STEPHEN DOHERTY, GEORGE DEKEON, JR., JOHN DOE, and JOHN ROE,

    Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW ADDITIONAL DEPOSITION

Now come the defendants, and hereby oppose plaintiff's Motion to Allow Additional Deposition. As grounds therefor, the defendants state as follows:

1. In this case, plaintiff asserts constitutional and state tort law claims arising from his arrest by members of the Haverhill Police Department, despite the fact that said arrest resulted in the conviction of plaintiff.[1]

2. The original Scheduling Order in this case called for discovery to close nearly a year ago, on November 30, 2004. The Scheduling Order has been extended <u>three times</u> at plaintiff's request. <u>See</u> Docket Entry Nos. 17, 22, 27.

3. The Scheduling Order currently calls for dispositive motions to be filed by September 30, 2005. Defendants will file a Motion for Summary Judgment within the allotted time frame.

4. On September 9, 2005, plaintiff filed a motion to extend discovery a fourth time, to allow for the deposition of Assistant District Attorney John DePaulo (which

---

[1] This undisputed fact directly contradicts an assertion in the Complaint. <u>See</u> <u>Complaint</u>, ¶15.

would be plaintiff's seventh deposition in this case).  Plaintiff claims that a deposition of ADA DePaulo is necessary because Mr. DePaulo allegedly wrote "Do Not Dismiss" across a copy of the criminal complaint against plaintiff.  Plaintiff claims that DePaulo's notation indicates that the DA's office was "not to negotiate a dismissal of the claim … in a plea bargain," and thus supports his claim that the defendant police officers tried to "bargain" dismissal of the criminal charges in exchange for plaintiff's agreement not to bring a civil suit.

5. Plaintiff, however, misrepresents the notation on the criminal complaint, a copy of which is attached hereto as Exhibit A.  Specifically, the criminal complaint also bears a notation that plaintiff "would not take CWOF (Continued Without a Finding)."  Thus, the notation indicates not that the DA's office refused to negotiate a dismissal, but that it was plaintiff who refused a plea bargain and insisted on taking the case to trial.

6. Further, plaintiff's motion omits evidence demonstrating that the defendant officers had no role in determining the disposition of the charges against Jeannite.  Specifically, Assistant District Attorney Murat Erkin – who tried the criminal case against plaintiff – testified at deposition that no Haverhill police officer spoke with him regarding disposition of the charges against Jeannite.  (Excerpts from Erkin's deposition are attached hereto as Exhibit B).  As such, plaintiff's whole basis for seeking to depose DePaulo is unavailing.

7. Finally, plaintiff's request should be denied because of undue delay.  Plaintiff claims that he learned of the need to depose DePaulo from information he learned at Erkin's deposition.  However, Erkin was deposed on August 5, 2005, and

plaintiff unduly delayed in waiting five weeks, until shortly before dispositive motions are due, to request leave to depose DePaulo.

8. As plaintiff has demonstrated no justification for deposing DePaulo, and plaintiff unduly delayed in requesting leave for the deposition, plaintiff's request that the Court permit yet another deposition outside of the discovery schedule comprises nothing more than an attempt to delay an unfavorable resolution of this case, and should be denied.[2]

WHEREFORE, defendants request that this Court deny plaintiff's Motion to Allow Additional Deposition.

DEFENDANTS,

By their attorneys,

/s/Jackie Cowin
Joseph L. Tehan, Jr. (BBO # 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
617-556-0007

261293/METG/0549

---

[2] Defendants note that any deposition of ADA DePaulo will likely delay resolution of this case for several weeks, at least, as plaintiff must subpoena DePaulo, and defendants expect that the Attorney General's Office (which represents the District Attorney's office in such matters) will move for a Protective Order to limit the deposition.