UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-CV-10541-RWZ

| | |
|---|---|
| JOEL JEANNITE,<br>　　　　Plaintiff<br>v.<br><br>CITY OF HAVERHILL, STEPHEN BRIGHI,<br>in His Capacity as CHIEF OF THE<br>HAVERHILL POLICE DEPARTMENT,<br>STEPHEN DOHERTY, GEORGE DEKEON,<br>JR., and GLEN FOGARTY<br>　　　　Defendants | DEFENDANTS' REPLY TO<br>PLAINTIFF'S OPPOSITION TO<br><u>MOTION FOR SUMMARY JUDGMENT</u> |

Now come the defendants and hereby Reply to Plaintiff's Opposition to their Motion for Summary Judgment (the "Opposition"), for the limited purpose of addressing certain misstatements of law and fact contained therein. Specifically, plaintiff has (1) mischaracterized testimony offered by defendants as inadmissible hearsay; (2) misstated that defendants failed to produce evidence during discovery; (3) claimed that certain evidence exists when, in fact, it does not, and (4) mischaracterized deposition testimony by defendant George Dekeon, Jr. Defendants reply to these misstatements as follows.

1. <u>Testimony Regarding the Radio Dispatch</u>

This action arises from plaintiff's July 30, 2001 arrest by the defendants on Union Street in the City of Haverhill. In their Motion for Summary Judgment, the defendants offered testimony by defendants Dekeon, Stephen Doherty, and Glen Fogarty that, while on patrol on that date, they received a transmission from their police dispatcher, advising that a 911 caller had reported that a black male, who was driving a black Jaguar and whom she did not know, came to her house on Union Street and asked her questions. <u>Defendants' Statement of Facts</u>, No. 2. This radio dispatch triggered the events which led to plaintiff's arrest.

In his Opposition, plaintiff seeks to strike the officers' testimony regarding the contents of the radio dispatch, on the purported grounds that (1) said testimony is inadmissible hearsay,

and (2) he was not provided a tape of the dispatch call.[1] Both contentions are inaccurate, as explained below.

"Hearsay" is an out-of-court statement offered "to prove the truth of the matter asserted." Fed.R.Ev. 801(c). The defendants have <u>not</u> offered the officers' testimony regarding the contents of the radio dispatch for the truth of the matter asserted therein – i.e. that a 911 caller had reported that a black male in a black Jaguar whom she did not know came to her house on Union Street and asked her questions. Rather, the testimony is offered to show, first, why the officers proceeded to Union Street, and, further, some of the facts within the officers' knowledge when they encountered Jeannite on Union Street. <u>See</u> Memorandum in Support of Defendants' Motion for Summary Judgment, pp.6-8. As such, the officers' testimony "relate[s] to the nature and extent of the impact of" the radio call upon them, and, thus, is not hearsay. <u>See</u> <u>U.S.</u> v. <u>Fulmer</u>, 108 F.3d 1486, 1500-01 (1997) (federal agent's testimony about contents of threatening telephone message left by defendant, and agent's reaction to it, "are not offered for the truth of the matter asserted, that the statements were a threat … Rather, [the agent's] statements relate to the nature and extent of the impact of [the defendant's] statement upon [the agent]. They, thus, are not hearsay"). Indeed, the Court has previously admitted testimony by a police officer regarding the contents of a radio dispatch describing a 911 call. <u>See</u> <u>U.S.</u> v. <u>Romain</u>, 393 F.3d 63, 66 (2004) (noting officer's testimony regarding statements by dispatcher explaining 911 call that led to officer's entry into defendant's home, and subsequent search of defendant). Therefore, in this case, the officers' testimony regarding the statements made in the radio dispatch is admissible, and plaintiff's request that the testimony be stricken as hearsay is meritless.

Further, the statement of plaintiff's counsel that "the defendants have failed to provide a

---

[1]Plaintiff actually states that he "seeks to strike all the contents of the radio call …" However, defendants have not introduced the contents of the radio call into evidence, and therefore plaintiff's request is void. As noted, the defendants have introduced only their own testimony about the contents of the radio call, and therefore assume that plaintiff actually seeks to strike said testimony.

2

copy of the dispatch tape" is false.  See Plaintiff's Statement of Contested Facts, p.4.  The pleading at issue reflects that defense counsel sent plaintiff's counsel a copy of the dispatch tape on August 19, 2004, in response to plaintiff's discovery request for same.  See Defendants' Responses to Plaintiff's First Request for Production of Documents, No. 9(c) (Exhibit A hereto).  As such, plaintiff's request to strike the officers' testimony regarding the radio dispatch for failure to disclose is meritless.

2.    The Prosecution of Jeannite

The Complaint asserts that Chief Stephen Brighi violated plaintiff's right to petition the courts.  In support of this claim, in his Opposition to Summary Judgment, plaintiff states that "there is evidence to suggest that … Brighi or other defendants did communicate with the prosecuting attorney demanding that the case not be dismissed" after plaintiff's counsel refused to agree that a civil suit would not follow if criminal charges were dismissed (a reasonable request in order to avoid a claim that all charges had resolved in plaintiff's favor).  See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, p.18.  Not only is this statement wholly unsupported by any such evidence, it flagrantly ignores evidence to the contrary.  Specifically, as noted in Defendants' Memorandum in Support of Summary Judgment and in Defendants' Statement of Facts, both Brighi and the Assistant District Attorney who prosecuted Jeannite testified that "neither [Brighi] nor any Haverhill police officer had any communication with the prosecuting authorities about the disposition of the charges against Jeannite."  See Defendants' Memorandum in Support of Summary Judgment, p.14, and Defendants' Statement of Facts, No. 37 (citing to deposition testimony of Stephen Brighi and Assistant District Attorney Murat Erkin).  Notably, plaintiff does not dispute this fact as set forth in Defendants' Statement of Facts.  See Plaintiff's Statement of Contested Facts, p.15 ("Plaintiff does not dispute this

fact"). As such, plaintiff's assertion that there is evidence to suggest that Brighi demanded his prosecution is refuted not only by the undisputed evidence, but also by his own admission.

3.  <u>Testimony of George Dekeon</u>

The Complaint asserts that plaintiff was arrested due to his race, in violation of his Equal Protection rights. As explained in Defendants' Memorandum in Support of Summary Judgment, pp.11-12, plaintiff's Equal Protection claim fails because he has produced no evidence that he was treated differently than similarly situated individuals. In his Opposition, plaintiff disputes this, alleging that it is Dekeon's practice as a police officer "not only not to arrest a similarly situated Caucasian: the defendant's practice is that he would not even issue a ticket, only a warning to a similarly situated Caucasian." <u>Opposition</u>, p.10. Plaintiff purports to support this inflammatory statement by quoting a select portion of Dekeon's deposition testimony, that "I'm not a big Chapter 90. I … warn them rather than write them a ticket. I give them a verbal warning." <u>Id.</u> There is no basis to infer that this testimony referred to Caucasians. In fact, plaintiff omits further testimony by Dekeon that "personally, I have written more Caucasian people than I have African Americans." <u>See</u> Plaintiff's Opposition, Exhibit C, p.38. Thus, as previously argued by defendants, plaintiff's conclusory statements regarding selective enforcement are wholly unsupported.

WHEREFORE the defendants respectfully request that the Court enter summary judgment in their favor and dismiss the Complaint in its entirety.

DEFENDANTS
By their attorneys,

/s/Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO # 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
617-556-0007

271015/METG/0549

4