UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*********************************************
JOEL JEANNITE,                              *
                                            *
          Plaintiff                         *
                                            *
v.                                          *
                                            *
CITY OF HAVERHILL, STEPHEN                  *    C.A. NO. 04-10541-RWZ
BRIGHI, in his capacity as CHIEF OF THE     *
HAVERHILL POLICE DEPARTMENT,                *
STEPHEN DOHERTY, GEORGE DEKEON Jr.,         *
JOHN DOE, and JOHN ROE                      *
                                            *
          Defendants                        *
*********************************************

## PLAINTIFF'S OPPOSITION
## TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO OPPOSITION

Now comes the plaintiff and states the following in opposition to defendants' untimely motion for leave to file a late reply to the plaintiff's opposition to the defendants' motion for summary judgment.

Defendants' motion is not timely, filed on the eve of the summary judgment hearing, in a manner calculated to deny plaintiff fair opportunity to respond.  Additionally, defendant has not complied with the spirit, if not the letter of local rule 7.1 (A) (2), which calls for counsel for the moving party not merely to "confer", but to attempt "in good faith to resolve or narrow the issue".

Defendants seek to file a "late" reply to a summary judgment opposition that was filed on November 7, 2005.  Such a reply can only be filed with leave of court, per Local Rule 7.1 (B) (3).  The first notice plaintiff had of any intention of the defendants to reply to the summary judgment opposition was late in the afternoon on Friday, January 13, 2006, the Friday of a holiday weekend.

Defendants' counsel began the conversation by informing plaintiff's counsel that defendants intended to file a reply to the plaintiff's summary judgment opposition. Without disclosing the contents or subject of the reply, asked if plaintiff would assent to the filing. Plaintiff's counsel responded that he could not assent to what he had not seen, to which defendants' counsel replied that it did not matter, for defendants had now fulfilled their obligation to "confer" under Rule 7.1.

Such conversation did not comply with the full requirement of Rule 7.1, which requires that the moving party not merely "confer" but make some effort to attempt to resolve or narrow the issue in dispute. Not only was this not even attempted: defendants then filed their motion late that Friday afternoon, just before a three day weekend, even further shortening the time for plaintiff to respond from the 14 days allowed by Rule 7, as January 13 was only 11 days before the long scheduled hearing date for the summary judgment motion.

Plaintiff requests that this court deny plaintiff's motion for leave to file a late reply and refuse to allow the defendant to file a reply to plaintiff's motion in opposition to defendants' summary judgment motion.

Respectfully submitted,  
Joel Jeannite,  
by his counsel,

Date: January 19, 2006

/s/ Andrew M. Fischer  
Andrew M. Fischer  
BB0# 167040  
JASON & FISCHER  
47 Winter Street  
Boston, MA 02108  
(617) 423-7904  
afischer@jasonandfischer.com

-3-

CERTIFICATE OF SERVICE

    I, Andrew M. Fischer, hereby certify that on this date I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to Jackie A. Cowin, Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116.

Date: January 19, 2006                                                          /s/ Andrew M. Fischer
                                                                                                                    Andrew M. Fischer

jeannite\opmofilereply